RENEE F. KENNEDY (SBN 24012954)
Lead Counsel
Federal Bar No.: 2129107
(seeking *pro hac vice* admission)
reneekennedy.esq@att.net
1620 S. Friendswood Dr., Ste. Apple
Friendswood, Texas 77546
Telephone: 832.428.1552

PETER KAFIN (SBN 301886)
law@kafin.name
P.O. Box 748
Fort Bragg, California 95437
Telephone: 707.357.4395

Attorneys for Plaintiff
JOANNE MCRIGHT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JOANNE MCRIGHT, individually and On Behalf Of Herself And All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE INC. and APPLECARE SERVICE COMPANY, INC.,<br><br>  Defendants. | CASE NO.<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT AND INJUNCTIVE RELIEF**<br><br><u>**CLASS ACTION**</u><br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff, individually and as representative of the class defined herein (the "Class"), brings this action for damages and final injunctive relief against Defendants Apple, Inc. and AppleCare Service Company, Inc., and respectfully shows this Honorable Court the following:

## I. PARTIES

Plaintiff JOANNE MCRIGHT resides in League City, Texas and is a citizen of the State of Texas.

Defendant APPLE, INC. is a California corporation with its headquarters and principle place of business located at 1 Infinite Loop, Cupertino, California 95014. This defendant may be served via its registered agent for service of process in California: CT Corporation System, 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017.

Defendant APPLECARE SERVICE COMPANY, INC. is a California corporation with its headquarters and principle place of business located at 1 Infinite Loop, Cupertino, California 95014. This defendant may be served via its registered agent for service of process in Arizona: CT Corporation System, 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012.

Apple, Inc. and AppleCare Service Company, Inc. are sometimes referred to herein as the "APPLE."

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action in which at least one member of the class is a citizen of a state that is different from the state where the Defendants are incorporated or do business.

The case is properly brought in this District and Division pursuant to 28 U.S.C. §1391(a)(2) because Defendants do business in this District and Division, and are headquartered here.

## III. FACTUAL ALLEGATIONS

Defendant Apple, Inc. designs, manufacture, packages and sells various electronic devices, including but not limited to iPhones, iPads, and iPods ("Devices"). When Apple, Inc. sells the Devices to the general public, Apple, Inc. also offers protection plans known as AppleCare and AppleCare+ ("Apple Plans"). Under the Apple Plans, if a consumer's Device breaks, then Apple, Inc., through its

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

1

affiliate AppleCare Service Company, Inc., agrees to provide the consumer with a Device "equivalent to new in performance and reliability." *See*, **Exhibit A** [AppleCare]; **Exhibit B** [AppleCare+]. In return, the consumer pays Apple, Inc. a significant payment, usually between $50 and $150.

The principal difference between these two protection plans is that AppleCare+ covers accidental damage and AppleCare does not. AppleCare only covers defects in materials and workmanship. AppleCare + covers iPhones, iPads, and iPods. AppleCare covers iMacs, Apple Display, and Apple TVs (however, up until 2011, AppleCare was the only Apple Plan that provided coverage for iPhones). The Apple Plans purport to provide consumers with Devices that are "equivalent to new in performance and reliability." What that phrase means is unclear. Plaintiff alleges that it means refurbished. Refurbished is synonymous with the term "reconditioned," that is, a secondhand unit that has been modified to <u>appear</u> to be new for all purposes relevant to this litigation. "New" means a Device that has never been utilized or previously sold and consists of all new parts. The word "refurbished" appears only once in the AppleCare+ terms and conditions even though the booklet is 33 pages long. The word is not even used to reference a device, but a part. *See,* **Exhibit B** ¶3.2. "Refurbished" is synonymous with the term "reconditioned" and "secondhand," and "service unit," for all purposes relevant to this litigation.

APPLE has distributed (and continues to distribute) the Devices through four channels of commerce: (1) retail outlets owned and operated by APPLE, known as APPLE Stores, (2) wholesale distribution to other retailers, such as AT&T and other vendors of cellular phone services, (3) sales via the Internet, either directly or through third-party resellers, and (4) sales via the phone or mail.

The Apple Plans, which are uniform as relevant to this suit, state in pertinent part that with respect to a defect in materials or workmanship, or a defect caused by accidental damage in handling, that APPLE "will either (a) repair the defect at no charge, **using new or refurbished parts that are equivalent to new in performance and reliability**, or (b) exchange the Covered Equipment, with a replacement product **that is new or equivalent to new in performance and reliability. All replacement products provided under this Plan will at a minimum be functionally equivalent to the original product."** *See,* **Exhibit A** ¶3.1; **Exhibit B** ¶¶ 3.1, 3.2. (emphasis added)

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

On or about December 4, 2012, Plaintiff JOANNE MCRIGHT, accompanied by her father, visited the Baybrook Apple Store in Friendswood, Texas. He purchased AppleCare+ for her, in her name, as well as an iPhone 5. In sum, Plaintiff JOANNE MCRIGHT and APPLE entered into a contract, as APPLE offered the Apple Plan and Device for sale and Plaintiff purchased the same at the offered price. Plaintiff JOANNE MCRIGHT, as the intended beneficiary of the contract and by and through her father, performed her obligations under the contract by paying monies to Apple for an Apple Plan.

The iPhone 5 that Plaintiff purchased on December 4, 2012, was damaged, resulting in a cracked screen. On or about September 18, 2013, Plaintiff JOANNE MCRIGHT took it to the Baybrook Apple Store for replacement under her Apple Plan. *See*, **Exhibit C** [9/18/13 Receipt]. APPLE sold a replacement Device (iPhone 5) to Plaintiff for $49.00, which she paid for under her Apple Plan. Plaintiff sought a second replacement Device pursuant to her Apple Plan on or about May 16, 2014, also due to a cracked screen. *See*, **Exhibit D** [5/16/14 Receipt]. APPLE again sold a replacement Device (iPhone 5) to Plaintiff for $49.00, which she paid for under her Apple Plan. APPLE did not provide new iPhone 5's to Plaintiff when she made these two payments of $49.00, nor were the replacement Devices "equivalent to new." Thus, Apple, Inc. and AppleCare Service Company, Inc. failed to provide Plaintiff with a Device "equivalent to new in performance and reliability", thereby breaching the contract with Plaintiff.

On or about September 22, 2014, Plaintiff JOANNE MCRIGHT, accompanied by her father, visited the Baybrook Apple Store in Friendswood, Texas. He purchased AppleCare+ for her, in her name, as well as an iPhone 6. In sum, Plaintiff JOANNE MCRIGHT and APPLE entered into a contract, as APPLE offered the Apple Plan and Device for sale and Plaintiff purchased the same at the offered price. Plaintiff JOANNE MCRIGHT, as the intended beneficiary of the contract and by and through her father, performed her obligations under the contract by paying monies to APPLE for an Apple Plan.

The iPhone 6 that Plaintiff purchased on September 22, 2014, was damaged, resulting in a cracked screen. On or about July 4, 2015, Plaintiff took it to the Baybrook Apple Store for replacement under her Apple Plan. *See*, **Exhibit E** [7/4/15 Receipt]. APPLE sold a replacement

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

Device (iPhone 6) to Plaintiff for $79.00, which she paid for under her Apple Plan. APPLE did not provide a new iPhone 6 to Plaintiff in exchange for this $79.00 payment, nor was the replacement Device "equivalent to new." Thus, Apple, Inc. and AppleCare Service Company, Inc. failed to provide Plaintiff with a Device "equivalent to new in performance and reliability", thereby breaching the contract with Plaintiff.

IV. **CLASS DEFINITION**

Plaintiff brings this action on behalf of herself and all others similarly situated, who are members of the following Class:

> "All persons who purchased an AppleCare and AppleCare+ plan ("Apple Plans") from Apple, Inc., or were the intended beneficiary of such a purchase, or had an Apple Plan transferred to them, and/or who, from the date of July 11, 2011 to the present, tendered an iPhone, iPad, iPod or other Apple electronic device ("Devices") to Apple, Inc. and AppleCare Service Company, Inc. under such Apple Plans, and who were provided a Device that was not a new Device."

Plaintiff reserves the right to designate subclasses, as appropriate.

Excluded from the Class are:

    a. the attorneys pursuing and defending this matter;

    b. the officers and directors of the Defendants;

    c. any judge or judicial officer assigned to this matter and his or her immediate family; and

    d. any legal representative, successor, or assign of any excluded persons or entities.

V. **CLASS ACTION ALLEGATIONS**

A. **NUMEROSITY OF THE CLASS**

The proposed Class is so numerous that joinder is impractical. While the exact number of individuals has yet to be determined, it is well known that Apple has sold over ten million Devices in the last five years. According to its October 28, 2013 press release, Apple, Inc. sold 33.8 million iPhones in its fiscal 2013 September quarter alone, compared to 26.9 million in the year-ago quarter. In that same period, Apple also sold 14.1 million iPads (compared to 14 million in the year-ago

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

4

1 quarter), and sold 4.6 million Macs, compared to 4.9 million in the year-ago quarter. A significant percentage of purchasers of Devices also purchased AppleCare and AppleCare+ plans. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the Court.

### B. PREDOMINANCE OF COMMON QUESTIONS OF FACT AND LAW

There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class Members and include, but are not limited to, the following:

    a. Whether the class member purchased an Apple Plan from Apple, Inc., or was the intended beneficiary of such a purchase, or had an Apple Plan transferred to them;

    b. Whether the class member tendered a Device to APPLE under an Apple Plan;

    c. Whether providing a class member a refurbished or used Device fulfills Defendants' obligations under the contract;

    c. The amount of damages Plaintiff and the class members should receive in compensation.

### C. TYPICALITY

Plaintiff and the Class Members have suffered similar harm as a result of Defendants' actions. All Class Members purchased an Apple Plan (or were the intended beneficiary of the purchase of the Apple Plan, or had an Apple Plan transferred to them), attempted to return a Device for a new Device under such Apple Plan, but were not provided with a new Device and instead were given a used or refurbished Device.

### D. ADEQUACY OF REPRESENTATION

Plaintiff will fairly and adequately represent and protect the interests of the members of the Class, as required by Rule 23(a)(4). Plaintiff has retained counsel familiar with the factual and legal bases for the prosecution of this class action and who have the resources to prosecute this action. Plaintiff and her counsel are committed to the vigorous prosecution of this action on behalf of the Class. Neither Plaintiff nor her counsel has any interests adverse to those of the Class.

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

**E. SUPERIORITY**

A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, and the prospect of a race for the courthouse and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants' conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

Alternatively, the various claims asserted in the action by Plaintiff and members of the Class are also certifiable under the provisions of Rules 23(b)(1), (2) and/or 23(b)(3) of the Federal Rules of Civil Procedure because:

A. Class certification pursuant to Rule 23(b)(1) is appropriate because the prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class, and could substantially impede the ability of other members to protect their interests.

B. Class certification pursuant to Rule 23(b)(2) is also appropriate because Plaintiff and all members of the proposed Class seek injunctive relief.

C. Class certification pursuant to Rule 23(b)(3) is also appropriate because class action treatment is a superior method for the fair and efficient adjudication of the controversy. Common issues predominate over individual issues, and there is no interest by members of the Class in individually controlling the prosecution of separate actions. The size of the Class renders joinder impracticable, and failure to certify the Class will likely prevent individuals who have been damaged by Defendants from pursuing their claims.

Without a class action, individual Class members would face burdensome litigation

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

expenses, deterring them from bringing suits that would adequately protect their rights. Whatever difficulties may exist in the management of the class action are greatly outweighed by the class action procedure that would provide claimants with a method for the redress of claims that they may not otherwise be capable of pursuing. The class action device is superior to individual litigation under the circumstances of this case because it provides the benefits of unitary adjudication, judicial economy and economies of scale. The class action device provides access to the courts and a measure of justice and accountability for the individual and business claimants whose incomes, business and properties have been damaged by APPLE's conduct.

## VI. CAUSE OF ACTION

**BREACH OF CONTRACT**

Plaintiff re-alleges each and every allegation set forth above.

Plaintiff and the Class Members entered into a contract with APPLE. Plaintiff and the Class Members met their obligations under the contract; specifically, by tendering money to APPLE, either directly or as intended beneficiaries or as the recipients of a transferred Apple Plan. APPLE accepted the monies and agreed to provide new replacement Devices under the Apple Plans. Plaintiff and the Class Members properly tendered their Devices to APPLE under the Apple Plans and were entitled to new Devices. APPLE breached the contract by providing refurbished Devices, not new Devices. As a result of APPLE's breach, Plaintiff and the Class Members have suffered damage.

Further, APPLE provided Class Members with Devices that were not new or functionally equivalent to new, either at the time of initial purchase (such as when a consumer was experiencing a service event and was permitted to purchase an Apple Plan at that time), or when they attempted to use one of their two service event replacements under the terms of their Apple Plan. At such times, Class Members expended monies for the initial purchase price of the Apple Plan and for the cost of what they believed to be new Devices, and/or had to pay the cost associated with making a claim under their Apple Plan (or were the intended beneficiaries of such expenditures, or had an Apple Plan transferred to them).

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

Plaintiff and the Class Members were thereby deprived of the use and value of their original Devices, which APPLE takes possession of pursuant to the terms of the Apple Plans as part of a replacement incident, and did not receive the benefit of the bargain in that they did not receive replacement Devices that were new or functionally equivalent to new. Plaintiff and the Class Members suffered economic loss, in at least the amount of the cost of the Apple Plans, the amount of the loss of the value of their original Devices, which were not refurbished, and the purchase cost and replacement cost paid to APPLE, as well as the difference between the value of a Device that was not new or functionally equivalent to new and the value of a new Device.

## VII. INJUNCTIVE RELIEF

Plaintiff re-alleges each and every allegation set forth above.

As set forth above, Plaintiff and the Class Members entered into a contract with APPLE. APPLE breached this contract by not providing new Devices to Plainff and the Class Members. APPLE should be enjoined from continuing the practice of breaching their contract to Plaintiff and the Class Members. While Plaintiff may recover some damages by way of this lawsuit, there are certain damages for which there is no adequate remedy at law for such harm. If APPLE are not so enjoined, Plaintiff and the Class Members (and future Class Members) will suffer irreparable harm in incurring costs and expense and time, in repeatedly returning Devices to APPLE until APPLE actually honors their agreement; and will be provided with deficient Devices.

The Defendants are providing used or refurbished Devices to those putative Class Members who have purchased the Apple Plans (or were the intended beneficiaries of such purchases, or had an Apple Plan transferred to them). Such is a breach of contract. Defendants cannot establish that a refurbished Device will ever meet the promises it makes in the contract at issue between the parties. Defendants' continued breaches of the contract at issue should be injoined, by forcing through judicial action Defendants to provide new Devices to those putative Class Members who seek replacement of their Devices, or demonstrating that each Device provided is in fact equilavent to a new Device in all relevant respects (Defendants cannot do so).

Therefore, Plaintiff seeks the entry of a preliminary and permanent injunction.

Plaintiff requests that the Court enter a preliminary and permanent injunction:

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

a. Requiring Defendants to honor their contractual agreement to provide new replacement Devices under the Apple Plans.

Plaintiff will likely suffer irreparable injury if injunctive relief is not granted as she has been and will continue to suffer property damage and nuisance if the relief is not granted.

The requested injunctive relief will not adversely affect public policy or the public interest. Rather, the entry of the requested injunctive relief will favorably affect the public interest.

Plaintiff is willing to post an appropriate bond in support of the requested injunctive relief.

## **PRAYER**

WHEREFORE, Plaintiff and the Class Members demand judgment against Defendants Apple, Inc. and AppleCare Service Company, Inc. as follows:

a. An order certifying the Class for the purpose of going forward with any one or all of the causes of action alleged herein; appointing Plaintiff as Class Representative; and appointing undersigned counsel as counsel for the Class;

b. Economic and compensatory damages in amounts to be determined at trial, but not less than the $5,000,000.00 required by the Class Action Fairness Act which establishes one of this Court's bases of jurisdiction to hear this case;

c. Injunctive relief as set forth herein;

d. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

e. Attorneys' fees and costs of litigation;

f. Final injunctive relief from this Court as set forth herein (subject to a separate motion and factual finding by this Honorable Court); and

g. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

**Plaintiff demands a trial by jury on all appropriate issues.**

Respectfully submitted,

Dated: July 18, 2015      */s/ Renee Kennedy*
                         Renee Kennedy
                         Lead Counsel

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Peter Kafin*
Peter Kafin

**Attorneys for Plaintiff JOANNE MCRIGHT**

Plaintiff's Class Action Complaint For Breach of Contract and Injunctive Relief

10